**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-5009**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SANDRA BANKS THOMPSON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge.  (CR-03-454)

_____

Submitted:  April 19, 2006                Decided:  May 9, 2006

_____

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James B. Craven, III, Durham, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sandra Banks Thompson pled guilty on February 3, 2004, to conspiracy to commit loan, mail, wire, and bank fraud, in violation of 18 U.S.C. § 371 (2000). The district court imposed a sentence of twenty-six months from the twenty-four to thirty month range calculated under the U.S. Sentencing Guidelines Manual (2004) ("USSG"), to be followed by three years of supervised release. On appeal, this court granted Thompson's motion for severance from her numerous codefendants, affirmed her conviction, vacated her sentence, and granted her motion to remand for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). United States v. Thompson, 127 F. App'x 658 (4th Cir. 2005).

On remand, the district court announced that resentencing would be in accordance with Booker and this court's decision in United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), and that it would calculate the guideline range with all appropriate enhancements, consider the advisory guidelines and the relevant sentencing factors of 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. The district court found that the guidelines range remained the same as the original calculation, twenty-four to thirty months. The district court then allowed the defense to present witnesses, and heard argument from both sides regarding the sentencing factors described in § 3553(a).

The district court imposed a sentence of fifteen months. Thompson appeals that sentence and her counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that in his opinion there are no meritorious issues for appeal, but raising as a potential issue whether the district court properly computed the amount of loss in calculating the guideline range. The Government has not cross-appealed, and has filed no response to Thompson's brief.

After the decision in <u>Booker</u>, a sentencing court is no longer bound by the range prescribed in the sentencing guidelines. <u>See</u> <u>Hughes</u>, 401 F.3d at 546. In determining a sentence post-<u>Booker</u>, sentencing courts are still required to calculate and consider the defendant's guideline range and to consider that range along with the sentencing factors set forth in § 3553(a). <u>Id.</u> We will affirm a post-<u>Booker</u> sentence if it is both reasonable and within the statutory maximum. <u>Id.</u> at 546-47.

Here, the district court, as required, considered both the guideline range and the § 3553(a) factors when imposing sentence. The fifteen-month sentence is with the statutory maximum of five years. <u>See</u> 18 U.S.C. § 371. As Thompson stipulated to the amount of loss in the district court, we conclude that this claim entitles her to no relief. The district court thoroughly explained its consideration of the § 3553(a) factors and its reasons for selecting the sentence imposed, which we conclude is reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Thompson's sentence. We deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>